UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NURIA ARCEO,<br><br>        Plaintiff,<br><br>   vs.<br><br>COUNTY OF SAN MATEO,<br><br>        Defendant. | Case No:  C 10-2783 SBA<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Dkt. 6 |

      Plaintiff filed the instant action against her employer, Defendant, for alleged state and federal constitutional violations arising from Defendant's failure to provide Plaintiff with a pre-termination hearing.  Plaintiff has since been reinstated.  The parties are presently before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 6.  Having read and considered the papers filed in connection with this matter, the Court GRANTS IN PART and DENIES IN PART Defendant's motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

**I.**     **BACKGROUND**

      **A.**     **Plaintiff's Allegations**

      Plaintiff is a correctional officer employed by Defendant.  Compl. ¶ 1.  In April 2003, Plaintiff sought treatment for psychological stress she experienced while working at the San Mateo County Women's Jail.  Id. ¶ 6.  She was diagnosed with post-traumatic stress disorder and, on the recommendation of her treating psychologist, Defendant reassigned Plaintiff to the San Mateo County Men's Jail.  Id. ¶ 7.

Approximately three years later, on May 23, 2006, Plaintiff was informed that she would be transferred permanently to the Women's Jail.  Id. ¶ 8.  On June 13, 2006, Defendant placed Plaintiff on paid administrative leave pending an evaluation of her psychological fitness for duty.  Id. ¶ 9.  On July 13, 2006, Defendant assigned Plaintiff to a temporary position pending a decision regarding the fitness for duty evaluation.  Id. ¶ 10.  On November 3, 2006, Defendant advised Plaintiff that the fitness for duty evaluator had determined that Plaintiff was unfit for duty, and served Plaintiff with a notice of termination based on her alleged unfitness for duty.  Id. ¶ 11.

Plaintiff appealed her termination on November 8, 2006, alleging that "her due process rights had been violated."  Id. ¶ 12.  On November 16, 2006, Defendant responded to Plaintiff's appeal by allegedly "denying her a due process hearing and refusing to continue her status on paid administrative leave."  Id. ¶ 13.  Plaintiff further alleges that Defendant "suggested [Plaintiff] use her accrued sick leave and vacation time banks to remain on the payroll for a period of time."  Id.  On February 20, 2007, Plaintiff provided Defendant a report from her psychotherapist stating that she was fit for duty and could return to work immediately.  Id. ¶ 14.  The next day, on February 21, 2007, Plaintiff proposed she return to work at the Men's Jail rather than the Women's Jail, to allow her symptoms to fully resolve.  Id. ¶ 15.  March 9, 2007, Defendant rejected that proposal and suggested that Plaintiff apply for an unpaid leave of absence.  Id. ¶ 16.  On March 19, 2007, Plaintiff filed a request for leave of absence for 45 days "with the understanding she had no alternative if she wished to remain employed by Defendant."  Id. ¶ 17.

Defendant reinstated Plaintiff to full duty on May 18, 2007.  Id. ¶ 18.  Plaintiff alleges that she "was informed and believed that her sick and vacation leave balances, retirement credits, and any back pay were reinstated at that time."  Id.  In February 2009, Plaintiff requested time off to care for her ailing parents.  Id. ¶ 19.  Plaintiff alleges that, at that time, she discovered that although she had been allowed to return to work in 2007, her leave balances, retirement credits, and back pay had not been restored.  Id.  In April 2009, Plaintiff contacted Defendant to determine the status of her leave balances, retirement credits, and back pay.  Id. ¶

20. According to Plaintiff, "Defendant indicated there was no record of any absence of leave balances, retirement credits, or back pay." Id.

On August 22, 2009, Plaintiff filed a "late government tort claim" and application for leave to present a late claim against Defendant. Id. ¶ 21. Defendant rejected Plaintiff's claim on September 15, 2009. Id.

**B.    Procedural History**

Plaintiff filed her complaint in the Superior Court of California, County of San Mateo, on March 29, 2010. The gravamen of Plaintiff's complaint is that Defendant violated Plaintiff's constitutional rights when it denied Plaintiff a pre-deprivation (i.e., pre-termination) due process hearing. See id., ¶¶ 24, 33. Defendant subsequently removed this action on the basis of federal question jurisdiction. Plaintiff brings the following claims against Defendant: (1) Violation of United States Constitution, Fifth Amendment (First Cause of Action); (2) Violation of United States Constitution, Fourteenth Amendment (Second Cause of Action); (3) Violation of California Constitution, Article I, § 7 (Third Cause of Action); (4) Violation of California Constitution, Article I, § 15 (Fourth Cause of Action); and (5) Injunctive Relief (Fifth Cause of Action). Plaintiff seeks, among other relief, an order compelling Defendant to pay Plaintiff "back pay with interest and/or to reinstate [Plaintiff's] leave balances, retirement contributions, and other losses, for the period which she was deprived of such compensation." Id. at 8.

Now, Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), on the following grounds: (a) Plaintiff's claims based on the California Constitution are barred because Plaintiff has not alleged adequate compliance with the California Government Claims Act; (b) Plaintiff's claims based on the United States Constitution are barred by the applicable two year statute of limitations; and (c) Plaintiff's claims based on the United States Constitution fail because Plaintiff fails to allege facts that would support the conclusion that Defendant's "'error' in calculating Plaintiff's vacation and sick leave credits rises to the level of a Constitutional violation." Dkt. 6, Def.'s Mot. 1-2.

## II.    LEGAL STANDARD

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  In considering a Rule 12(b)(6) motion, the court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.    ANALYSIS

### A.    The California Government Claims Act

Defendant argues that Plaintiff's claims for state constitutional violations (Third and Fourth Causes of Action) are barred by the California Government Claims Act (the "Act"). The Act provides that "no suit for money or damages may be brought against a public entity … until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board …."  Cal. Gov. Code § 945.4   "Unless a specific exception applies, '[a] suit for 'money or damages' includes all actions where the plaintiff is seeking monetary relief, regardless whether the action is founded in 'tort, contract or some other theory.''"  Lozada v. City and County of San Francisco, 145 Cal.App.4th 1139, 1152 (2006) (citations omitted).

Claims for salaries, wages, and retirement or pension benefits are specifically exempted from the Act.  See Cal. Gov. Code §§ 905(c), (f) ("There shall be presented … all claims for money or damages against local public entities except any of the following: … (c) Claims by public employees for fees, salaries, wages, mileage, or other expenses and allowances… (f)

1  Applications or claims for money or benefits under any public retirement or pension system");

2  see also Loehr v. Ventura County Community College Dist., 147 Cal.App.3d 1071, 1080

3  (1983) ("[e]arned but unpaid salary or wages are vested property rights, claims for which may

4  not be properly characterized as actions for monetary damages" under the Act).

5       Here, Plaintiff seeks "back pay" and/or reinstatement of Plaintiff's "leave balances,

6  retirement contributions, and other losses, for the period during which she was deprived of

7  such compensation."  Compl. at 8.  Accordingly, Plaintiff's state law claims as pled are not

8  subject to the Act, and Defendant's motion to dismiss in that regard is denied.

9       **B.**     **Statute of Limitations**

10       Defendant also argues that Plaintiff's federal constitution claims (First and Second

11  Causes of Action) are barred by the applicable statute of limitations.  A claim may be

12  dismissed because it is barred by the relevant statute of limitations when the running of the

13  statute "is apparent from the face of the complaint."  Ledesma v. Jack Stewart Produce, Inc.,

14  816 F.2d 482, 484 n. 1 (9th Cir. 1987).  "It is well-established that claims brought under [42

15  U.S.C.] § 1983 borrow the forum state's statute of limitations for personal injury claims, and in

16  California, that limitations period is two years."  Action Apartment Ass'n, Inc. v. Santa Monica

17  Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007) (citations and quotations omitted).[1]

18  Federal law determines when a section 1983 claim accrues.  Canatella v. Van De Kamp, 486

19  F.3d 1128, 1133 (9th Cir. 2007) (citations and quotations omitted).  Under federal law, a cause

20  of action "accrues when the plaintiff knows or has reason to know of the injury which is the

21  basis of the action."  Id.

22       In her opposition, Plaintiff does not challenge Defendant's argument that her federal

23  constitutional claims are subject to a two-year statute of limitations.  Rather, Plaintiff argues

24

25       [1] While Plaintiff does not mention section 1983 in her complaint, because it is the
statute that provides a private cause of action for violations of federal constitutional rights (and

26  because Plaintiff has not argued to the contrary in her opposition), the Court construes
Plaintiff's federal constitutional claims as being brought pursuant to section 1983.  See

27  Deveraux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001) ("Section 1983 creates a private right
of action against individuals who, acting under color of state law, violate federal constitutional

28  or statutory rights.").

that the statute of limitations did not begin to run until "at least February, 2009, and as late as April, 2009, when she learned her pay and benefits had not been restored, as she had thought, when she was returned to full duty on May 17, 2007." Pl.'s Opp. at 2. However, Plaintiff's claim for back pay and reinstatement of benefits is premised on Defendant's alleged failure to provide her with a <u>pre-termination</u> due process hearing. Plaintiff was terminated on November 3, 2006. Compl. ¶ 11. Given the Complaint's lack of factual allegations to support tolling of the limitations period, Plaintiff's federal constitutional claims accrued on November 3, 2006, when Plaintiff knew of the injury that is the basis of her action, i.e., that she was deprived of a pre-termination due process hearing.[2] Because Plaintiff did not file her complaint until March 29, 2010, Plaintiff's federal claims, as alleged, are time barred. Therefore, Defendant's motion to dismiss Plaintiff's First and Second Causes of Action is granted; however, Plaintiff is granted leave to amend her complaint with respect to these claims.[3]

## IV.   <u>CONCLUSION</u>

For the above stated reasons,

IT IS HEREBY ORDERED THAT:

---

[2] There are two related equitable doctrines that may toll a limitations period: equitable tolling and equitable estoppel. <u>Lukovsky v. City and County of San Francisco</u>, 535 F.3d 1044, 1051 (9th Cir. 2008). "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'" <u>Id</u>. (quoting <u>Johnson v. Henderson</u>, 314 F.3d 409, 414 (9th Cir. 2002)). Equitable estoppel, on the other hand, "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." <u>Santa Maria v. Pacific Bell</u>, 202 F.3d 1170, 1176 (9th Cir. 2000).

[3] As an alternative matter, Defendant argues that, should the Court find that Plaintiff's federal claims, as pled, are not time barred because her claims did not accrue until she discovered that her back pay and benefits had not been restored, the Court should find that "Plaintiff's allegations as to the benefits miscalculation do not rise to the level of a Constitutional violation." Def.'s Mot. at 7-8. In view of the Court's determination that, as pled, Plaintiff's claims accrued on November 3, 2006, when she was allegedly denied a pre-termination hearing, it is not necessary for the Court to reach the merits of Defendant's alternative argument.

1. Defendant's Motion to Dismiss Plaintiff's state constitutional claims (Third and Fourth Causes of Action) is DENIED.

2. Defendant's Motion to Dismiss Plaintiff's federal constitutional claims (First and Second Causes of Action) is GRANTED.  Plaintiff's First and Second Causes of Action are dismissed with leave to amend.  Plaintiff shall have twenty-one (21) days from the date this Order is filed to file an amended complaint.  If Plaintiff timely amends her pleading, Defendant shall respond consistent with the Federal Rules of Civil Procedure.

3. A telephonic Case Management Conference is scheduled in this matter for **February 16, 2011 at 2:45 p.m.**  The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

4. This Order terminates Docket 6.

IT IS SO ORDERED.

Dated: _11/2/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge