UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NURIA ARCEO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SAN MATEO; and DOES 1 thru 10, inclusive,<br><br>　　　　Defendants. | Case No: C 10-2783 SBA<br><br>**ORDER REMANDING ACTION** |

　　　Plaintiff filed the instant action against her employer, the County of San Mateo ("Defendant"), for alleged state and federal constitutional violations arising from Defendant's failure to provide Plaintiff with a pre-termination hearing.  Plaintiff has since been reinstated.  She originally filed suit in San Mateo County Superior Court on March 29, 2010.  On June 24, 2010, Defendant removed the action to this Court on the ground that Plaintiff's Complaint alleges claims arising under federal law.  See Dkt. 1, Notice of Removal ¶ 3.

　　　On June 30, 2010, Defendant filed a motion to dismiss all four causes of action against it under Federal Rule of Civil Procedure 12(b)(6).  Defendant had moved to dismiss on the following grounds, among others: (a) Plaintiff's First and Second Causes of Action based on the United States Constitution are barred by the applicable two year statute of limitations; and (b) Plaintiff's Third and Fourth Causes of Action based on the California Constitution are barred because she has not alleged adequate compliance with the California Government Claims Act.

　　　In its November 2, 2010 Order on Defendant's motion to dismiss, the Court found that, based on the face of Plaintiff's complaint, Plaintiff's First and Second Causes of Action for federal constitutional violations were time-barred by the relevant statute of limitations.  The

Court therefore dismissed those claims, granted Plaintiff leave to amend those claims, and gave Plaintiff twenty-one days to file an amended complaint. The Court also denied Defendant's motion to dismiss Plaintiff's Third and Fourth Causes of Action for state constitutional violations. To date, Plaintiff has not filed an amended complaint. As such, Plaintiff's Complaint lacks any federal claim.

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229 (1990); United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004). This rule applies equally to removed actions. See Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) ("Although no objection was made to removal, we must still address whether federal jurisdiction exists."); see also 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("we have held that the district court must remand if it lacks jurisdiction").

When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action and exercise its discretion to remand them to state court. See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may *sua sponte* exercise discretion and dismiss state law claims under 28 U.S.C. § 1367(c)). Here, Plaintiff's Complaint alleges only claims based on state law. To date, no responsive pleadings have been filed and no dates have been scheduled. Given the lack of any federal claims, coupled with the early stage of the litigation, the Court exercises its discretion and remands the action to the state court from which it was removed. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is

generally preferable for a district court to remand remaining pendant claims to state court."). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of San Mateo, pursuant to 28 U.S.C. § 1447(c).  The Clerk shall close the file and terminate any pending matters in this Court's docket.[1]

IT IS SO ORDERED.

Dated: January 10, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Defendant has filed a motion for leave to file a motion for reconsideration of this Court's November 2, 2010 order denying its motion to dismiss the state law claims (Plaintiff's Third and Fourth Causes of Action).  Given the Court's determination that remand of this action is appropriate, Defendant's motion for leave is DENIED as MOOT.